# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42791

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 622** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: September 10, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **TERRENCE JOHN GRIGGS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Order revoking probation, affirmed.

Sara B. Thomas, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

Terrence John Griggs pled guilty to forgery, Idaho Code § 18-3601. In exchange for his guilty plea, additional charges were dismissed. The district court withheld judgment and placed Griggs on probation for five years. Griggs admitted to violating his probation terms and the district court revoked the withheld judgment, imposed a unified sentence of five years with two years determinate, suspended the sentence, and reinstated Griggs on probation. Griggs again violated probation and the district court revoked probation, ordered execution of the underlying sentence, and retained jurisdiction. Following the retained jurisdiction period, the district court suspended Griggs's sentence and placed him on probation. Subsequently, Griggs admitted to violating the terms of the probation. At the evidentiary hearing, the parties agreed to a joint

1

recommendation that the district court revoke probation and execute the original sentence. The district court followed the parties' recommendation. Griggs appeals, contending that the district court abused its discretion in revoking probation.

The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, the order revoking probation and directing execution of Griggs's previously suspended sentence is affirmed.