**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46204**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 1, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| SHENTASHA LYNN BYBEE, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. Eric Wildman, District Judge.

Judgment of conviction and concurrent unified sentences of fifteen years with five years determinate for two counts of vehicular manslaughter and one count of aggravated driving under the influence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenevieve C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and BRAILSFORD, Judge

---

PER CURIAM

Shentasha Lynn Bybee pled guilty to two counts of vehicular manslaughter, Idaho Code § 18-4006(3)(b), and one count of aggravated driving under the influence, I.C. § 18-8006. In exchange for her guilty plea, additional charges were dismissed. The district court imposed concurrent unified sentences of fifteen years with five years determinate. Bybee appeals, contending that her sentences are excessive.

Although Bybee agreed with the State's recommendation at the time of sentencing and received the recommended sentences, Bybee asserts that the district court erred in imposing

1

excessive sentences. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Bybee received the sentences she requested, she may not complain that the district court abused its discretion. Accordingly, Bybee's judgment of conviction and sentences are affirmed.