921 P.2d 754

STATE of Idaho, Plaintiff–Respondent,

v.

Michael J. GITTINS, Defendant–Appellant.

No. 21755.

Court of Appeals of Idaho.

July 11, 1996.

John L. Stosich, Bonneville County Public Defender, Idaho Falls, for appellant.

Hon. Alan G. Lance, Attorney General; John C. McKinney, Deputy Attorney General (argued), Boise, for respondent.

PERRY, Judge.

Michael J. Gittins appeals from his judgment of conviction for rape. I.C. § 18–6101(3). After reviewing the record and applicable law, we vacate the judgment and remand this case for a new trial.

## I.

### FACTS AND PROCEDURE

On June 5, 1993, Gittins met G.H. in Idaho Falls and invited her to a nearby bar for a drink. Gittins then offered to buy G.H. dinner. Gittins stopped at a grocery store to cash a check. Gittins returned to the car and informed G.H. that he had been unable to cash his check and would therefore be unable to pay for dinner. After stopping at another store where they purchased beer, Gittins and G.H. went to Gittins' residence—a local motel. Once at the motel G.H. and Gittins sat on the bed, drank beer and watched television. According to G.H., Gittins then attacked her, held a pillow over her face, tore at her dress and raped her. Gittins contended that he and G.H. had consensual sex. He stated that after the sexual encounter G.H. asked if she could stay the night, and when Gittins refused, she began to scream. Gittins said that he then held a pillow over her face to stop her from screaming. Gittins asserted that holding the pillow over G.H.'s face accounted for her bruises and other injuries.

Gittins was charged with rape. He pled not guilty and went to trial before a jury. During deliberations, the jury sent to the judge four questions concerning the definition of penetration as that term was used in the jury instructions regarding the elements of rape. In response, the district court prepared instruction twenty which answered the jury's questions and further instructed the jury that the question of penetration was not in dispute and, therefore, not an issue about which the jury should be concerned. After receiving this instruction, the jury returned a guilty verdict.

At the time that the judge provided this instruction, defense counsel did not object. However, Gittins later moved for a new trial alleging, among other things, that jury instruction twenty improperly invaded the province of the jury on an element of the offense charged. The district court denied the motion. The district court sentenced Gittins to a unified term of fifteen years with a seven-year minimum period of confinement.

Gittins claims on appeal that the district court erred in providing instruction twenty and in denying Gittins' motion for a new trial. Gittins argues that the district court erred in not, sua sponte, declaring a mistrial when the prosecuting attorney informed the jury during closing argument that Gittins did not testify at the preliminary hearing. Gittins further asserts that the district court erred in denying a motion for continuance and in admitting expert testimony that G.H. was "raped or quite close to it." For each of these assertions of error Gittins also claims his counsel was ineffective in failing to object to the actions of the court or the prosecutor. Finally, Gittins argues that the district court erred in refusing to allow a juror to testify regarding jury deliberations.

## II.

## ANALYSIS

■ Gittins argues that the district court erred in providing the jury with instruction twenty. When reviewing a district court's decision to give a particular instruction we use free review. *State v. Gleason,* 123 Idaho 62, 65, 844 P.2d 691, 694 (1992); *State v. Colwell,* 124 Idaho 560, 564, 861 P.2d 1225, 1229 (Ct.App.1993). We ask whether the instructions as a whole, and not individually, fairly and accurately reflect the applicable law. *State v. Enno,* 119 Idaho 392, 405, 807 P.2d 610, 623 (1991); *State v. Velasquez–Delacruz,* 125 Idaho 320, 323, 870 P.2d 673, 676 (Ct.App.1994). To be considered reversible error, an instruction must have misled the jury or prejudiced the complaining party. *State v. Bowman,* 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct.App.1993). Issues regarding the propriety of the jury instructions given in a criminal case may be reviewed on

appeal even absent a timely objection at trial. *State v. Smith,* 117 Idaho 225, 786 P.2d 1127 (1990).

Instruction twenty provided:

The jury has asked the court to answer four (4) questions. The questions, together with the court's answers, are as follows:

1. What constitutes any sexual penetration?

ANSWER: Any penetration of the external female genitalia by the male penis.

2. Genital contact—Brush against? reference to # 13 slight.

ANSWER: See answer to question no. 1.

3. Is penetration absolutely necessary for rape?

ANSWER: Yes, see Instruction No. 13.

4. At what point does penetration begin—(outer Labi minora, inner Labi minora, vaginal wall)?

ANSWER: See answer to question no. 1.

*Irrespective of the foregoing questions and answers, both the State and the Defendant have admitted that penetration did occur in this case. Therefore, you are instructed that the question of penetration is not in dispute and not an issue about which the jury should be concerned.*

(Emphasis added.)

The district court provided a lengthy memorandum regarding jury instruction twenty in denying Gittins' motion for a new trial. The district court addressed Idaho precedent which requires that factual questions be presented to the jury and not settled through jury instructions. The district court went on to examine cases from several jurisdictions where otherwise prejudicial instructions were found harmless because the factual matter which they discussed was undisputed at trial. The district court was "persuaded that the jury would have reached the same verdict regardless of the error," and any error was therefore harmless.

■ It is the sole province and function of the jury to determine or decide disputed claims and questions of fact arising in the

case before it. *State v. Dickens,* 69 Idaho 497, 499, 210 P.2d 384, 385 (1949). The district court may not invade the province of the jury by making findings of fact. *State v. Huskinson,* 71 Idaho 82, 86, 226 P.2d 779, 782 (1951); *Dickens,* 69 Idaho at 499–500, 210 P.2d at 385. Several jurisdictions have found an error harmless if an instruction stated a factual issue which was not controverted by the evidence. *See United States v. Perez* 989 F.2d 1111 (9th Cir.1993); *United States v. Span,* 970 F.2d 573 (9th Cir.1992); *People v. DeSantis,* 2 Cal.4th 1198, 9 Cal. Rptr.2d 628, 831 P.2d 1210 (1992), *cert. denied,* 508 U.S. 917, 113 S.Ct. 2361, 124 L.Ed.2d 268 (1993); *Finley v. State,* 623 P.2d 1031 (Okla.Crim.App.1981). Other jurisdictions, however, have held that an error cannot be deemed harmless where a jury instruction conclusively establishes an essential element of the crime charged. *United States v. Mentz,* 840 F.2d 315, 324 (6th Cir.1988). *See also United States v. Argentine,* 814 F.2d 783 (1st Cir.1987); *United States v. White Horse,* 807 F.2d 1426 (8th Cir.1986); *People v. VanderVliet,* 444 Mich. 52, 508 N.W.2d 114 (1993). Assuming without deciding that a jury instruction which directs the jury to a factual finding which is not controverted by the evidence may be harmless error, we conclude that the issue of penetration was in dispute, and the instruction in this case was therefore reversible error.

Penetration is an essential element of the crime of rape. I.C. § 18–6101. Dr. Miller, an expert witness for the state, testified that G.H. had been raped "or quite close to it." Dr. Miller explained that G.H. received lacerations near her vagina which were consistent with those of a victim of rape and inconsistent with consensual sex. The state then asked: "From the lacerations to the labia, you cannot tell whether or not there was penetration into the vagina; is that correct?" Dr. Miller responded: "Correct. You can't tell just from the lacerations. However, the labia is [*sic*] centimeters away from the vagina. It is [*sic*] right at the vagina." The doctor's testimony therefore leaves the question of penetration within the province of the jury for consideration. G.H. testified that penetration occurred. However, she also testified that it was very brief and that it

occurred after she struck Gittins in the groin with her knee. Although Gittins also stated that there was penetration, he testified that it occurred in the course of consensual intercourse. His version of the events was totally different from that of the victim. In this circumstance, it is not accurate to say that penetration, as an element of the offense of rape, was undisputed. The jury may have taken the evidence in the record and come to the conclusion that no penetration occurred.

It is obvious that the jury considered the element of penetration to be in dispute as illustrated by the request for further clarification. The due process clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime charged. *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072–73, 25 L.Ed.2d 368 (1970). The evidence in this case created a factual question regarding penetration, and the district court usurped the function of the jury and made a factual finding that penetration had occurred. The element of penetration was removed from the province of the jury for a factual finding beyond a reasonable doubt and, as such, Gittins' rights at trial were violated by instruction twenty.

In addition, instruction twenty contradicted instructions twelve and thirteen, as well as the verdict form. Instructions twelve and thirteen provided that in order for the jury to convict Gittins of rape, it must determine that penetration occurred. Instruction twenty removed this factual determination from the jury's consideration. The verdict form provided the jury the option of convicting Gittins of the lesser included crime of battery. The state's failure to prove either of two elements beyond a reasonable doubt would allow for a finding of battery rather than rape: (1) a factual finding in accordance with Gittins' scenario that G.H. consented to the sexual encounter but was battered when Gittins held a pillow over her face; or (2) a factual finding that penetration did not occur. Holding the state to its burden of proving the element of penetration was required, and the district court's failure to do so was improper. The instructions as a whole became inherently contradictory and failed to accurately re-

flect the law. Instruction twenty removed from the jury its responsibility to find each element of the crime charged beyond a reasonable doubt.

The state claims that because Gittins' trial attorney acquiesced to instruction twenty, this Court may not now reverse the conviction even if the district court erred in giving the instruction. In making this argument the state invokes the invited error doctrine which provides that "one may not successfully complain of errors one has consented to or acquiesced in. In other words, invited errors are not reversible." *State v. Caudill,* 109 Idaho 222, 226, 706 P.2d 456, 460 (1985). *See also State v. Atkinson,* 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct.App.1993), *cert. denied,* 511 U.S. 1076, 114 S.Ct. 1659, 128 L.Ed.2d 376 (1994). Gittins' defense counsel, when asked if he had any objection to instruction twenty, stated:

> Ordinarily, Your Honor, I don't like to see the Court respond at all, if possible, and just rely upon the instructions already given, but I think the testimony and evidence presented clearly is an indication that the Defendant and the State both contend there was penetration. So, I believe it would be appropriate.

An affirmation of correctness goes well beyond mere failure to object and results in invited error. *State v. Wilkerson,* 121 Idaho 345, 349, 824 P.2d 920, 924 (Ct.App.1992). Hence, the error may well have been invited by Gittins' trial counsel.

■ It is unnecessary for this Court to address the state's contention that the invited error doctrine precludes review of the district court's error in instructing the jury, because Gittins also raises the issue as an ineffective assistance of counsel claim. Therefore, we will direct our inquiry to Gittins' claim that his counsel's acquiescence in, and failure to object to, instruction twenty resulted in ineffective assistance of counsel.

■ Although it is well established that ineffective assistance of counsel claims are preferably brought through an application for post-conviction relief, if it is clear from the record that trial counsel was ineffective, the claim may properly be raised on direct appeal. *See State v. Allen,* 123 Idaho 880, 882, 853 P.2d 625, 627 (Ct.App.1993). To prevail on a claim of ineffective assistance of counsel, the applicant must show that counsel's representation was deficient and that the deficiency was prejudicial. *State v. Roles,* 122 Idaho 138, 144, 832 P.2d 311, 317 (Ct.App.1992), *citing Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State,* 114 Idaho 758, 761, 760 P.2d 1174, 1177 (1988); *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). In determining whether deficient performance occurred, there is a strong presumption that the performance by counsel was within the "wide range of professional assistance." *Aragon,* at 761, 760 P.2d at 1180. In order to establish that the deficiency prejudiced the case, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Roles,* at 145, 832 P.2d at 318, *citing Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The record before us is adequate for review of counsel's performance.

It is ascertainable from the circumstances in this case that trial counsel was deficient in acquiescing to an instruction which removed from the consideration of the jury an essential element of the crime charged. Further, in light of the clear indication that the jury viewed penetration to be at issue and the erroneous nature of the instruction, Gittins has shown that he was prejudiced by counsel's deficient performance. Here, the jury specifically sought guidance on only one issue—penetration. Although the answers to the four questions properly informed the jury of the standard for penetration, as instructions twelve and thirteen did, the further statement removing the element of penetration from the consideration of the jury violated Gittins' right to due process. Gittins has met his burden in showing that his trial counsel's performance was ineffective. Gittins' conviction must, therefore, be vacated.

Gittins also challenges his conviction on several other grounds. However, in view of the fact that due to prejudicial error in the instructions the case must be remanded for new trial, we do not deem it appropriate to comment on the remaining issues.

### III.

### CONCLUSION

Instruction twenty stated conclusively that penetration had occurred in the incident between Gittins and G.H. Gittins has a constitutional right to have a jury weigh the evidence and hold the state to its burden of proof beyond a reasonable doubt. The district court usurped the jury's function and made a factual finding regarding an essential element of the crime charged in this case. We will not hold such error harmless. Further, in light of instruction twenty, the instructions failed to fairly and accurately present the law. Trial counsel's acquiescence to the proposed instruction constituted ineffective assistance of counsel. Accordingly, we vacate Gittins' judgment of conviction and remand the case for new trial.

WALTERS, C.J., and LANSING, JJ., concur.