**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38509**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 546** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: June 29, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **DAWN MARIE HUMPHREY,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County. Hon. Fred M. Gibler, District Judge.

Judgment of conviction for aiding and abetting burglary and aiding and abetting petit theft, <u>affirmed</u>.

Greg S. Silvey, Star, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Dawn Marie Humphrey appeals from her judgment of conviction entered upon jury verdicts finding her guilty of aiding and abetting burglary and aiding and abetting petit theft. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Humphrey entered an antique store with Larry White, and while Humphrey approached the counter and attempted to sell the clerk a teapot, White went to the clothing area of the store. Several minutes later, when White and Humphrey were leaving the store together, the clerk noticed White was attempting to conceal under his jacket a mink stole he had not purchased. Employees notified the police, who located White and Humphrey and found the stolen stole and teapot in their vehicle.

Humphrey was charged with aiding and abetting burglary, Idaho Code §§ 18-1401, 18-204, and aiding and abetting petit theft, Idaho Code §§ 18-2403(1), 18-2407(2), 18-204, and was tried jointly with White. Prior to trial, the State filed a motion in limine, seeking a ruling on the admissibility of prior acts evidence pursuant to Idaho Rule of Evidence 404(b). The proffered evidence was that several days before the incident in this case, Humphrey and White entered another antique store in the area and while Humphrey distracted the clerks with an offer to sell an antique plate, White stole the teapot Humphrey later attempted to sell the clerk in the charged incident. At a pre-trial conference following an evidentiary hearing on the Rule 404(b) motion, Humphrey's counsel stated, "[W]e're not resisting the 404(b) [evidence]." The court ruled the evidence was admissible, explaining its reasoning on the record. The evidence was admitted at trial, again, without objection from Humphrey.

The jury found Humphrey guilty on both counts. She now appeals.

## II.

## ANALYSIS

Humphrey contends the district court erred in admitting evidence of the teapot theft pursuant to Rule 404(b) because the jury would not have considered the evidence for any reason other than propensity, regardless of whether the court could find a nonpropensity reason for the evidence's admission. The State contends Humphrey is estopped from asserting the error on appeal and the issue is not preserved for appellate review.

The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Norton*, 151 Idaho 176, 187, 254 P.3d 77, 88 (Ct. App. 2011); *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or *acquiesced* in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *Norton*, 151 Idaho at 187, 254 P.3d at 88. In short, invited errors are not reversible. *Norton*, 151 Idaho at 187, 254 P.3d at 88; *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996).

On appeal, Humphrey contends that by stating he would not be "resisting" the Rule 404(b) motion, "it appears defense counsel meant that he was not actively resisting the motion by presenting argument or evidence, as opposed to agreeing to allow the 404(b) evidence in." Presumably, this argument is meant to prevent a conclusion by this Court that the doctrine of invited error bars review. However, the statement is clearly an *affirmative* indication Humphrey

2

did not object to admission of the evidence. Common sense dictates that this amounts to acquiescence to admission of the evidence, which bars review under the invited error doctrine.[1]

Because Humphrey acquiesced to admission of the evidence below, the doctrine of invited error bars review of the alleged error on appeal. Humphrey's judgment of conviction for aiding and abetting burglary and aiding and abetting petit theft is affirmed.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**

---

[1] In a footnote, Humphrey also argues that regardless of what defense counsel meant by the statement, "the 404(b) issue is reviewable as preserved error since the court made a ruling, which is the very point of the requirement that error be preserved." Humphrey cites no authority for the proposition that review is appropriate in this circumstance despite her affirmative indication she would not object to admission of the evidence; therefore, we do not address it. See *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (holding a party waives an issue on appeal if either authority or argument is lacking).