# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 44180/44181

| | |
|---|---|
| STATE OF IDAHO, | ) 2017 Unpublished Opinion No. 381 |
| | ) |
| Plaintiff-Respondent, | ) Filed: February 27, 2017 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| WILLIAM DEAN WHITMORE, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of three years, for delivery of a controlled substance, and judgment of conviction and unified sentence of ten years, with a minimum period of confinement of three years, for possession of a controlled substance with intent to deliver, with the sentences to run concurrently, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

---

PER CURIAM

William Dean Whitmore was found guilty of delivery of a controlled substance, methamphetamine, Idaho Code § 37-2732(a)(1)(A). Following a plea agreement, the district court imposed a unified ten-year sentence, with three years determinate. In a separate case, Whitmore pleaded guilty to possession with intent to deliver, methamphetamine, I.C. § 37-2732(c)(1). Following the same plea agreement, the district court imposed a unified ten-year sentence, with three years determinate. The sentences were ordered to run concurrently. Whitmore appeals, contending that his sentences are excessive.

1

Mindful that Whitmore received the sentences he requested, Whitmore asserts that the district court erred in imposing excessive sentences. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Whitmore received the sentences he requested, he may not complain that the district court abused its discretion. Accordingly, Whitmore's judgments of conviction and sentences are affirmed.