**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45107**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Unpublished Opinion No. 322** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: January 17, 2018** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **DAVID E. WIGGINS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jeff M. Brudie, District Judge.

Judgment of conviction and suspended unified sentence of four years, with a minimum period of confinement of two years, for criminal possession of a financial transaction card, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

David E. Wiggins pled guilty to criminal possession of a financial transaction card. I.C. § 18-3125(4). In exchange for his guilty plea, additional charges were dismissed including an allegation that he is a persistent violator. The district court sentenced Wiggins to a unified term of four years, with a minimum period of confinement of two years. However, the district court suspended the sentence and placed Wiggins on probation. Wiggins appeals.

1

Mindful that Wiggins received the sentence he asked for, Wiggins asserts that his sentence is excessive. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Wiggins received the sentence he requested, Wiggins may not complain that the district court abused its discretion. Accordingly, Wiggins's judgment of conviction and sentence are affirmed.