## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 45468

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2018 Unpublished Opinion No. 437 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 30, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| TEARLE SPENCER MAI, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael P. Tribe, District Judge.

Judgment of conviction and unified sentence of twelve years, with a minimum period of confinement of one year, for possession of a controlled substance, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Lara E. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Tearle Spencer Mai pled guilty to possession of a controlled substance with intent to deliver, Idaho Code § 37-2732(a)(1)(A), and agreed for counsel to recommend a unified sentence of twelve years with one year determinate to run concurrently with all other Cassia County cases to the district court. Thereafter, the district court sentenced Mai to a unified term of twelve years with one year determinate, and ordered that the sentence run concurrently with Mai's sentences in his other Cassia County cases. Mai appeals asserting that the district court abused its discretion by imposing an excessive sentence.

1

Mindful that Mai received the sentence he asked for, Mai asserts that the district court erred by imposing an excessive sentence. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Mai received the sentence he requested, he may not complain that the district court abused its discretion. Accordingly, Mai's sentence is affirmed.