**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47317**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 29, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CECILIO TREVINO, III, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael P. Tribe, District Judge.

Amended order of restitution, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Chief Judge

Cecilio Trevino, III, appeals from the district court's amended order of restitution. Trevino argues the district court erred because it failed to consider his financial resources and needs. For the reasons set forth below, we affirm the district court's order.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Following a traffic stop, the State charged Trevino with: felony possession of methamphetamine, Idaho Code § 37-2732(c)(1); misdemeanor possession of drug paraphernalia, I.C. § 37-2734A; misdemeanor resisting and obstructing an officer, I.C. § 18-705; and misdemeanor providing false information to a law enforcement officer, I.C. § 18-5413(2). Pursuant to a plea agreement, Trevino pleaded guilty to possession of methamphetamine, and in

1

exchange, the State agreed to dismiss the remaining charges. The district court imposed a unified sentence of five years, with two years determinate, and retained jurisdiction.

Thereafter, the district court relinquished jurisdiction and ordered the underlying sentence executed with credit for 524 days served. Trevino filed an Idaho Criminal Rule 35 motion to reconsider the sentence. The district court granted Trevino's Rule 35 motion and reduced Trevino's sentence to two years determinate, with no indeterminate time. The district court's order granting Trevino's Rule 35 motion is not at issue in this appeal.

The district court entered an order of restitution which required Trevino to pay $284.62 to the Idaho State Insurance Fund. The State filed a motion to amend restitution, requesting the district court amend the restitution award from $284.62 to $15,710.23 due to continued medical treatment and additional costs incurred by one of the officers involved in the arrest of Trevino. Trevino objected to the State's motion to amend.

The district court held a hearing regarding restitution. There, Trevino, through his attorney, stipulated to the amended restitution amount. Consequently, the district court entered an amended order of restitution in the amount of $15,710.23. Trevino timely appeals.

## II.

## STANDARD OF REVIEW

The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

## III.

## ANALYSIS

Trevino argues the district court erred when it granted the State's request to amend the order of restitution because it failed to consider his financial resources and needs. However, Trevino concedes that he agreed to pay restitution pursuant to the plea agreement.

At the restitution hearing, Trevino's counsel explained:

2

Your Honor, we--I spoke with Mr. Trevino, and it was a part of the plea agreement that Mr. Trevino would agree to restitution in this matter as part of that plea agreement. So at this point, I think Mr. Trevino is bound by that and we would stipulate to the restitution amount, recognizing that the chances of Mr. Trevino ever being able to pay that amount are, at best, minimal.

Mindful of the doctrine of invited error Trevino nonetheless asks this Court to reverse the district court's order amending the restitution award. This Court declines to do so. Trevino agreed to pay restitution as part of his plea agreement and stipulated to do so at sentencing. He may not now complain that the district court abused its discretion. Accordingly, we affirm the district court's amended order of restitution.

## IV.

## CONCLUSION

Because the district court did not err when it granted the State's request to amend the order of restitution, we affirm the district court's order.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.

3