# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49756

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: April 5, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| DOMINIC CHRISTOPHER CHAVEZ, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Davis VanderVelde, District Judge.

Judgment of conviction and unified sentence of three years with one year determinate for grand theft, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Emily M. Joyce, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Judge; HUSKEY, Judge;
and BRAILSFORD, Judge

---

PER CURIAM

Dominic Christopher Chavez pled guilty to grand theft, Idaho Code § 18-2403(1). In exchange for his guilty plea, an additional allegation that he was a persistent violator was dismissed. The district court imposed a unified sentence of three years with one year determinate. Chavez appeals, contending that his sentence is excessive.

Although Chavez agreed with the State's recommendation at the time of sentencing, Chavez asserts that the district court erred in imposing an excessive sentence. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App.

1

1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Chavez received the sentence he requested, he may not complain that the district court abused its discretion. Accordingly, Chavez's judgment of conviction and sentence are affirmed.