**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50270**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 3, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| RICKY LEE BENJAMIN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins, Jr., District Judge.

Judgment of conviction and unified sentence of ten years with five years determinate for drug-trafficking in heroin, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

Before LORELLO, Chief Judge; HUSKEY, Judge;
and BRAILSFORD, Judge

PER CURIAM

Ricky Lee Benjamin entered an *Alford*[1] plea to drug-trafficking in heroin, Idaho Code § 37-2732B(a)(6)(A). The district court imposed a unified sentence of ten years with five years determinate. Benjamin appeals, contending that his sentence is excessive.

Although Benjamin agreed with the State's recommendation at the time of sentencing and received the sentence he requested, Benjamin asserts that the district court erred in imposing an excessive sentence. The doctrine of invited error applies to estop a party from asserting an error

---

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Benjamin received the sentence he requested, he may not complain that the district court abused its discretion. Accordingly, Benjamin's judgment of conviction and sentence are affirmed.