**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50128**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 17, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CASAUNDRA LEE BRAKKE, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction and aggregate unified sentences of four years with three years determinate for tracking in heroin, felony possession of a controlled substance, misdemeanor possession of a controlled substance and possession of drug paraphernalia, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Casaundra Lee Brakke was found guilty of trafficking in heroin, Idaho Code § 37-2732B(A); possession of a controlled substance (felony), I.C. § 37-2732(c); possession of a controlled substance (misdemeanor), I.C. § 37-2732(c); and possession of drug paraphernalia, I.C. § 37-2734A. The district court consolidated the instant case with another Ada County case for purposes of sentencing. The district court imposed a unified sentence of four years with three years determinate for trafficking in heroin; one year determinate for felony possession of a controlled substance; and time served for misdemeanor possession of a controlled substance and

1

possession of drug paraphernalia. The district court ordered that the sentences run concurrent to each other and concurrent to the other Ada County case that it consolidated with the instant case for purposes of sentencing. Mindful of the invited error doctrine on appeal, Brakke appeals, contending that her aggregate sentence of four years with three years determinate is excessive.

The doctrine of invited error applies to estop a party from asserting an error when that party's conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). The purpose of the doctrine is to prevent a party who caused or played an important role in prompting the trial court to take action from later challenging that decision on appeal. *State v. Barr*, 166 Idaho 783, 786, 463 P.3d 1286, 1289 (2020). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). Brakke requested the sentence she received and cannot now complain of error.

Therefore, Brakke's judgment of conviction and sentences are affirmed.