**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 49750/49751**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: August 3, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JEFFREY ARTHUR MEWES, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Judgment of conviction and unified sentence of five years with two years determinate for felony DUI, <u>affirmed</u>; judgment of conviction and concurrent unified sentence of eight years with four years determinate for felony DUI, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

In Docket No. 49750, Jeffrey Arthur Mewes pled guilty to felony driving under the influence (DUI), Idaho Code §§ 18-8004, 18-8005(9). In exchange for his guilty plea, additional charges were dismissed. The parties agreed to a unified sentence of five years with two years determinate. Prior to sentencing, the parties agreed to a two-week furlough to allow Mewes time to get his affairs in order. Following the two-week furlough, Mewes failed to report to jail and a warrant was issued for his arrest.

1

In Docket No. 49751, Mewes was stopped by a deputy and given field sobriety tests which resulted in Mewes being arrested on the outstanding warrant and a new DUI charge. Mewes pled guilty to felony DUI, I.C. §§ 18-8004, 18-8005(9). The parties agreed to a unified sentence of eight years with four years determinate to run concurrent to the sentence in Docket No. 49750. Both cases were set for sentencing.

At the sentencing hearing, Mewes asked the district court to disregard the plea agreements and proceed to sentencing with essentially open recommendations. The district court denied Mewes' request since Mewes entered into both agreements and agreed to be bound by their terms. Mindful of the invited error doctrine, Mewes appeals contending that his sentences are excessive.

The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). Mewes requested the sentence he received and cannot now complain of error.

Therefore, Mewes' judgments of conviction and sentences are affirmed.