## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 50192

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: November 13, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| LAKOTA WHITEBIRD PRATT, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott Wayman, District Judge.

Judgment of conviction and unified sentence of four years, with a minimum period of incarceration of two years, and retained jurisdiction, affirmed.

Erik R. Lehtinen, Interim State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Lakota Whitebird Pratt was found guilty of felony domestic battery, Idaho Code §§ 18-903, 18-918(2). The district court imposed a unified sentence of four years, with a minimum period of incarceration of two years, and retained jurisdiction. Pratt appeals, contending that his sentence is excessive.

Although Pratt received the sentence he asked for at the sentencing hearing, he asserts that the district court erred in imposing an excessive sentence. The doctrine of invited error applies to estop a party from asserting an error when his own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain

1

of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Pratt received the sentence he requested, he may not complain that the district court abused its discretion. Accordingly, Pratt's judgment of conviction and sentence are affirmed.