**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 50343/50364**

| | |
|---|---|
| **STATE OF IDAHO,** | ) |
| | ) **Filed: December 15, 2023** |
| **Plaintiff-Respondent,** | ) |
| | ) **Melanie Gagnepain, Clerk** |
| **v.** | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| **MICHAELSCOTT LYLE RAPP,** | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| **Defendant-Appellant.** | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order denying I.C.R. 35 motion, affirmed; judgment of conviction and sentence for possession of a controlled substance, affirmed.

Erik R. Lehtinen, Interim State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

———————————————

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

———————————————

PER CURIAM

MichaelScott Lyle Rapp pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1), and was granted a withheld judgment and placed on probation. (Docket No. 50343). Rapp admitted to violating his probation. The district court sentenced Rapp to a unified term of five years with two years determinate, retained jurisdiction, and ordered Rapp to report to the Bannock County jail. Rapp failed to report to jail and was later arrested in Wyoming. Rapp requested that the district court enter a final disposition and release him from his probation without satisfactory completion. The district court denied the motion and relinquished

1

jurisdiction. Rapp subsequently filed two untimely Idaho Criminal Rule 35 motions (in Docket No. 50343), which the district court denied. Rapp appeals the denial of his I.C.R. 35 motions.

In Docket No. 50364, Rapp pled guilty to possession of a controlled substance, I.C. § 37-2732(c)(1). The district court sentenced Rapp to 189 days and gave him credit for 189 he previously served. Rapp appeals asserting that the district court abused its discretion by imposing an excessive sentence. Rapp admits that he received the sentence he requested.

Because Rapp filed his Rule 35 motions well over the 120-day time limit, the district court lacked jurisdiction to consider them. Consequently, we affirm the district court's orders denying Rapp's Rule 35 motions in Docket No. 50343.

In Docket No. 50364, Rapp received the sentence he requested. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, the district court did not err in denying Rapp's Rule 35 motions in Docket No. 50343 or in imposing sentence in Docket No. 50364. Therefore, the district court's orders denying Rapp's Rule 35 motions in Docket No. 50343 and Rapp's judgment of conviction and sentence in Docket 50364 are affirmed.