**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50241**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | Filed: **March 20, 2024** |
| **Plaintiff-Respondent,** ) | |
| ) | Melanie Gagnepain, Clerk |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| ZACARY WARREN HOFFMAN, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| **Defendant-Appellant.** ) | |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel Hoagland, District Judge.

Order of restitution, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Zacary Warren Hoffman appeals from the district court's order of restitution. Hoffman asserts the district court abused its discretion by ordering $171.64 in restitution. Because Hoffman agreed to pay the restitution amount, he has waived any claim the district court erred in ordering restitution. We affirm the order of restitution.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Hoffman was charged with felony possession of a controlled substance, Idaho Code § 37-2732(c), and felony concealment of evidence, I.C. § 18-2603. Hoffman pleaded not guilty. The State filed an information part II to include a sentence enhancement under I.C. § 37-2739. A jury trial was held, and Hoffman was found guilty on both counts. Hoffman then pleaded guilty to the persistent violator enhancement. At the sentencing hearing, the district court informed counsel of

1

the anticipated restitution amounts and asked if there were any objections. Hoffman responded there was no objection.

The district court entered a judgment of conviction and, thereafter, an order of restitution in the amount of $171.64. Hoffman timely appealed only from the restitution order.

## II.

## STANDARD OF REVIEW

The doctrine of invited error applies to estop a party from asserting an error when that party's conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). The purpose is to prevent a party who caused or played an important role in prompting the trial court to take action from later challenging that decision on appeal. *State v. Barr*, 166 Idaho 783, 786, 463 P.3d 1286, 1289 (2020). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996).

## III.

## ANALYSIS

Hoffman contends the district court abused its discretion by assessing restitution because the district court was not required to do so and did not exercise reason in reaching its decision to order restitution. The State argues the district court did not abuse its discretion and that any error was invited by Hoffman, as he expressly stated he did not object to the restitution amount requested, and even if it is not invited error, the district court did not abuse its discretion because it acted within its statutory authority in awarding restitution.

The district court explicitly asked Hoffman, "I think I saw an order for $194 for restitution. [Defense counsel], can I send that order without objection?" and defense counsel replied, "Yeah. I don't have an objection to that." By agreeing to the amount of restitution, Hoffman is now precluded from asserting on appeal that the district court erred in ordering restitution. Hoffman acknowledges his claim is barred by the invited error doctrine but nonetheless asks this Court to review his claim. We decline to do so. Hoffman has waived any claim of error in the district court's restitution order and, thus, we affirm the district court.

## IV.

## CONCLUSION

Because Hoffman agreed to pay the amount of restitution, he has waived any claim on appeal that the district court erred in ordering restitution. The district court's order of restitution is affirmed.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.