**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50512**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 15, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| KRISTIN M. SMALL, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Benewah County. Hon. Barbara Duggan, District Judge.

Withheld judgment of conviction and probationary term of three years, for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Emily M. Joyce, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

Kristin M. Small pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1). In exchange for her guilty plea, additional charges were dismissed. The district court informed Small that entry of a withheld judgment typically includes a probationary period of three years. Small agreed to the withheld judgment and the three-year probationary period. Small appeals, contending that her probationary period is excessive.

Although Small received the sentence she asked for, Small asserts that the district court erred in imposing an excessive probationary period. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error.

1

*State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Even if considered on the merits, however, Small has failed to show an abuse of discretion between the imposed sentence and two years of probation that she agreed to in the plea agreement and the withheld judgment with three years of probation that she agreed to at the sentencing hearing. Therefore, because Small received the sentence she requested, she may not complain that the district court abused its discretion. Accordingly, Small's withheld judgment and probationary period are affirmed.