**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 51643/51644**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 19, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| RAMON NUNEZ, JR., | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County. Hon. Kiley Stuchlik, District Judge.

Judgments of conviction and concurrent unified sentences of twenty years, with a minimum period of confinement of four years, for fleeing or attempting to elude a police officer with persistent violator enhancement; and five years, with a minimum period of confinement of two years, for burglary, possession of a controlled substance, and destruction, alteration or concealment of evidence, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Devin E. Harris, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

In Docket No. 51643, Ramon Nunez, Jr. pled guilty to fleeing or attempting to elude a police officer with a persistent violator enhancement, Idaho Code §§ 49-1404(2), 19-2514. In Docket No. 51644, Nunez pled guilty to burglary, possession of a controlled substance, and destruction, alteration or concealment of evidence, I.C. §§ 18-1401, 37-2732(c)(1), 18-2603. In exchange for his guilty plea, additional charges were dismissed. Pursuant to a binding plea agreement, the State and Nunez agreed to a joint recommendation for sentence of twenty years

1

with four years determinate.  In Docket No. 51643, the district court imposed a sentence of twenty years with four years determinate.  In Docket No. 51644, the district court imposed a concurrent sentence of five years with two years determinate.  Thus, as per the binding plea agreement, the district court imposed an aggregate unified term of twenty years with four years determinate. Nunez appeals, contending that his sentences are excessive.

Although Nunez received the sentences he asked for, Nunez asserts that the district court erred by imposing an excessive sentence.  The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error.  *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993).  One may not complain of errors one has consented to or acquiesced in.  *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998).  In short, invited errors are not reversible.  *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial.  *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Nunez received the sentences he requested, he may not complain that the district court abused its discretion.  Accordingly, Nunez's judgments of conviction and sentences are affirmed.