**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 52509 & 52510**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: March 19, 2026** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| CHRISTOPHER BRANSON MILLER, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy Baskin, District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum period of incarceration of two years, for felony possession of a controlled substance with intent to deliver in Docket No. 53509, <u>affirmed</u>; judgment of conviction and concurrent unified sentence of five years, with a minimum period of incarceration of one year, for burglary in Docket No. 53510, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

This appeal involves two consolidated cases. In Docket No. 52509, Christopher Branson Miller pleaded guilty to felony possession of a controlled substance with intent to deliver, Idaho Code § 37-2732(a).[1] In Docket No. 52510, Miller pleaded guilty to burglary, I.C. § 18-1401. In

---

[1] In Docket No. 52509, the judgment of conviction contains a clerical error as it indicates Miller is convicted of and sentenced for possession of a controlled substance, Idaho Code § 37-2732(c). As noted above, Miller pleaded guilty to possession of a controlled substance with intent to deliver, I.C. § 37-2732(a). Miller also pleaded guilty to possession of drug paraphernalia,

1

exchange for his guilty plea, additional charges were dismissed. At the sentencing hearing, Miller requested that the district court place him on a term of probation with an underlying sentence of seven years with two years determinate. The district court imposed a unified sentence of seven years, with a minimum period of incarceration of two years, in Docket No. 52509 and a concurrent unified sentence of five years, with a minimum period of incarceration of one year, in Docket No. 52510. The district court suspended the sentences and placed Miller on a term of probation. Mindful of the fact that he received the sentences he requested, Miller appeals, contending that his sentences are excessive.

Although Miller received the sentences he asked for, Miller asserts that his underlying sentences are excessive. The doctrine of invited error applies to estop a party from asserting an error when that party's conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). The purpose is to prevent a party who caused or played an important role in prompting the trial court to take action from later challenging that decision on appeal. *State v. Barr*, 166 Idaho 783, 786, 463 P.3d 1286, 1289 (2020). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996).

Therefore, because Miller received the sentences he requested, he may not complain that the district court abused its discretion. Accordingly, Miller's judgments of conviction and sentences are affirmed.

---

I.C. § 37-2734A, and was sentenced to credit for time served; Miller does not challenge this sentence on appeal.