**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52556**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 14, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JACOB NATHANIEL VANDER WEKEN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order granting Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Jacob Nathaniel Vander Weken pleaded guilty to lewd conduct with a minor under the age of sixteen years, Idaho Code § 18-1508. In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified sentence of twenty years, with a minimum period of incarceration of five years, and retained jurisdiction. Thereafter, the district court received a recommendation from the Idaho Department of Correction (IDOC) to relinquish jurisdiction. Following a retained jurisdiction hearing, the district court relinquished jurisdiction. Vander Weken filed an Idaho Criminal Rule 35 motion to correct judgment, asserting the district court erred when it granted him 167 days of credit for time served instead of 157 days; the district

1

court granted Vander Weken's motion. Mindful that the district court granted his I.C.R. 35 motion and the credit for time served calculations are correct, Vander Weken appeals.

Although the district court granted Vander Weken's I.C.R. 35 motion, Vander Weken asserts the district court erred. The doctrine of invited error applies to estop a party from asserting an error when that party's conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). The purpose is to prevent a party who caused or played an important role in prompting the trial court to take action from later challenging that decision on appeal. *State v. Barr*, 166 Idaho 783, 786, 463 P.3d 1286, 1289 (2020). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996).

Therefore, because Vander Weken received the correct credit for time served that he requested, he may not complain that the district court abused its discretion. Accordingly, the district court's order granting Vander Weken's I.C.R. 35 motion is affirmed.