**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50251**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: August 21, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| RICHARD JACK LANDRETH, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard Christensen, District Judge.

Judgment of conviction and sentence of ten years with five years determinate for failing to register as a sex offender, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Richard Jack Landreth pled guilty to failure to register as a sex offender, Idaho Code § 18-8307. The district court imposed a unified sentence of ten years with five years determinate and placed Landreth on probation for three years. Landreth appeals, contending that his sentence is excessive.

Although Landreth received the sentence he asked for, Landreth asserts that the district court erred in imposing an excessive sentence. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not

1

complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Landreth received the sentence he requested, he may not complain that the district court abused its discretion. Accordingly, Landreth's judgment of conviction and sentence are affirmed.