716 P.2d 1385

STATE of Idaho, Plaintiff-Respondent,

v.

Dennis GRIFFITH,
Defendant-Appellant.

No. 15859.

Court of Appeals of Idaho.

April 2, 1986.

August H. Cahill, Ada County Public Defender's Office, Boise, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., and Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

This is a sentence review case. Dennis Griffith is a former retailer of hearing aids. While in business he took money from customers, and converted it to his own use, but failed to deliver the products. Pursuant to a negotiated agreement, he pled guilty in Ada County to two counts of grand theft under I.C. § 18–2403(3). He received two concurrent, indeterminate sentences of ten years. We affirm.

The Ada County charges were among several filed against Griffith in western Idaho. He was prosecuted on similar charges in Canyon and Gem Counties. Griffith also pled guilty in those counties and was sentenced there before he was sentenced in Ada County. In judgments entered by the Hon. Edward J. Lodge, Griffith received a ten-year indeterminate sentence in Canyon County and a consecutive, indeterminate five-year sentence in Gem County. The Canyon County sentence was stayed while Griffith completed an alcohol treatment program. For reasons not disclosed in the record before us, the Gem County sentence—unlike the Canyon County sentence—recited that jurisdiction would be retained for 120 days under I.C. § 19–2601(4). Neither of those sentences has been appealed.

The Canyon and Gem County sentences generated some debate when sentencing occurred in Ada County. At that time Griffith had completed the alcohol treatment program and had begun serving his Can-

yon County sentence. Griffith's attorney (a lawyer different from his counsel on appeal) recommended that the judge in Ada County impose indeterminate ten-year sentences on the two counts, making them concurrent with each other as well as with the Canyon County sentence. In contrast, the prosecutor asked for consecutive sentences of ten years and five years on the two counts, paralleling both the Canyon and Gem County sentences. Griffith's attorney resisted this suggestion, arguing that the ultimate outcome of retained jurisdiction in the Gem County case was not yet known. He warned against creating a "ping pong match" between Ada and Gem Counties. The judge followed defense counsel's recommendation and imposed concurrent, indeterminate ten-year sentences. This appeal followed.

■■■ Griffith now contends that the sentences are excessive. However, we need not fully examine that contention on its merits. The invited error doctrine is well settled in Idaho. A defendant may not request a particular ruling by the trial court and later argue on appeal that the ruling was erroneous. *State v. Owsley*, 105 Idaho 836, 673 P.2d 436 (1983). This doctrine applies to sentencing decisions as well as to rulings during trial. *See, e.g., Williams v. State*, 417 So.2d 780 (Fla.Dist. Ct.App.1982); *State v. Clevenger*, 235 Kan. 864, 683 P.2d 1272 (1984).

■■■ There are, of course, limits to this doctrine. It would not apply to a requested sentence that violates the court's statutory authority. *In re Andrews*, 18 Cal.3d 208, 113 Cal.Rptr. 365, 555 P.2d 97 (1976);

*Brosz v. State*, 466 So.2d 256 (Fla.Dist.Ct. App.1985). Neither would it apply to a request made without any apparent tactical purpose. *See generally* J. PURVER & L. TAYLOR, HANDLING CRIMINAL APPEALS § 162 (1980). Moreover, relief might be appropriate if defense counsel heedlessly disregarded his client's legitimate interests, or otherwise provided ineffective assistance, in a sentencing proceeding. However, the present case invokes none of these exceptions. The concurrent ten-year sentences were well within the district court's authority. *See* I.C. § 18–2408(2)(a) (prescribing maximum penalty of fourteen years' imprisonment for each offense). Defense counsel recommended such sentences because they would impose no confinement beyond that already mandated in the Canyon County case. Finally, the record contains no suggestion that counsel acted against his client's interests or otherwise provided ineffective assistance.

We conclude that the Ada County sentences were invited. They will not be disturbed on appeal. Accordingly, the judgment of conviction containing these sentences is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.