**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37781**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 351 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 10, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| LOREN PAUL AREY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of conviction and unified sentence of fifteen years, with a minimum period of confinement of four years, for trafficking in heroin, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Loren Paul Arey pled guilty to trafficking in heroin. Idaho Code § 37-2732b(a)(6)(A). The district court sentenced Arey to a unified term of fifteen years, with a minimum period of confinement of four years. Arey appeals asserting that the district court abused its discretion by imposing an excessive sentence.

After the district court rejected a binding Idaho Criminal Rule 11 plea agreement, the State and Arey negotiated a second binding Rule 11 agreement. The court accepted the second binding agreement, which called for the sentence which Arey received. Thus, Arey requested the sentence which he received. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v.*

1

*Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986). Having requested the sentence he received through a binding Rule 11 plea agreement, Arey cannot now challenge his sentence as an abuse of the court's discretion.

Therefore, Arey's judgment of conviction and sentence are affirmed.