**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43552**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 486** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: April 13, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MEGAN ERIN BAKER,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order revoking probation and execution of previously suspended sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Megan Erin Baker pled guilty to possession of a controlled substance. I.C. § 37-2732(c). In exchange for her guilty plea, an additional charge was dismissed. The district court sentenced Baker to a unified term of seven years, with a minimum period of confinement of two years, but after a period of retained jurisdiction, suspended the sentence and placed Baker on probation. Pursuant to an agreement with the state, Baker admitted to violating some terms of her probation, the state dismissed a second motion for probation, and Baker stipulated to a prison sentence. The district court consequently revoked probation and ordered execution of the original sentence.

Baker filed an I.C.R. 35 motion for reduction of her sentence, which the district court denied. Baker appeals, contending that the district court abused its discretion in revoking probation.

Mindful that Baker received the disposition she stipulated to, Baker asserts that the district court erred in revoking her probation. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Belden received the disposition she agreed to, Baker may not complain that the district court abused its discretion. Accordingly, the order revoking probation and directing execution of Baker's previously suspended sentence is affirmed.