## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44435

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 351** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: February 3, 2017** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **COREY EUGENE STEFANI,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Order revoking probation and executing previously suspended sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Corey Eugene Stefani pled guilty to destruction, alteration, or concealment of evidence. I.C. § 18-2603. In exchange for his guilty plea, an additional charge was dismissed. The district court sentenced Stefani to a unified term of four years, with a minimum period of confinement of two years. However, the district court retained jurisdiction and sent Stefani to participate in the rider program. Following successful completion of his rider, the district court suspended the sentence and placed Stefani on probation. Thereafter, Stefani admitted to violating the terms of his probation and requested that the district court revoke probation and execute Stefani's

1

sentence. The district court revoked Stefani's probation and ordered execution of his original sentence. Stefani appeals.

Mindful that Stefani received the relief he asked for, he asserts that the district court erred in revoking probation. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Stefani received the relief he requested, he may not complain that the district court abused its discretion. Accordingly, the district court's order revoking probation and executing sentence is affirmed.