**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45113**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Unpublished Opinion No. 357** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: February 15, 2018** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **KYLE LEE LASATER,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and LORELLO, Judge

_____

PER CURIAM

Pursuant to a plea agreement, Kyle Lee Lasater pled guilty to one count of possession of a controlled substance. I.C. § 37-2732(c). Lasater was already serving a sentence of a unified term of seven years, with a minimum period of confinement of two years, for an unrelated case. At sentencing in this case, Lasater requested that the district court follow the sentence in the unrelated case. Accordingly, the district court sentenced Lasater to a unified term of seven years, with a minimum period of confinement of two years, concurrent with the unrelated case. The district court retained jurisdiction and sent Lasater to participate in the rider program. Prior to the rider review hearing in this case, the district court in the other case relinquished jurisdiction.

1

At the review hearing in this case, Lasater acknowledged that the other relinquishment of jurisdiction limited the options for the district court in the instant case. The district court relinquished jurisdiction and ordered execution of Lasater's sentence. Lasater appeals.

Mindful that Lasater requested relinquishment of jurisdiction, he asserts that the district court erred in relinquishing jurisdiction. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Because Lasater requested relinquishment of jurisdiction, he may not complain that the district court abused its discretion. Therefore, the district court's order relinquishing jurisdiction is affirmed.