# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45272

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2018 Unpublished Opinion No. 415 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 6, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| JON JEFFREY WALLACE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Order granting Idaho Criminal Rule 35 motion for reduction of sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

---

PER CURIAM

Jon Jeffrey Wallace pled guilty to delivery of methamphetamine, Idaho Code § 37-2732(a)(1)(A), and one count of delivery of heroin, I.C. § 37-2732(a)(1)(A). In exchange for his guilty plea, additional charges were dismissed. The district court imposed concurrent unified sentences of ten years with four years determinate. Wallace filed an Idaho Criminal Rule 35 motion for reduction of sentence, which the district court granted, reducing his sentences to concurrent unified sentences of ten years with one and one-half years determinate. Wallace appeals, contending that the district court abused its discretion in failing to further reduce his sentence upon granting his Rule 35 motion.

1

Mindful that Wallace received the sentence he asked for and did not include any new or additional information with his Rule 35 motion, Wallace asserts that the district court erred in failing to further reduce his sentence pursuant to his Rule 35 motion. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Wallace received the sentence he requested, he may not complain that the district court abused its discretion. Accordingly, the district court's order granting Wallace's Rule 35 motion is affirmed.