**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45446**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Unpublished Opinion No. 438** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: April 30, 2018** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **BRANDON JEFFREY ALLAN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Appeal from judgment of conviction and concurrent unified sentences of eight years, with minimum periods of confinement of four years, for trafficking in methamphetamine and possession of a controlled substance with intent to deliver, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

―――――――――――――――――――

Before GUTIERREZ, Judge; HUSKEY, Judge;
and LORELLO, Judge

―――――――――――――――――――

PER CURIAM

Brandon Jeffrey Allan pled guilty to one count of trafficking in methamphetamine, I.C. § 37-2732B(a)(4)(A), and one count of possession of a controlled substance with intent to deliver, I.C. § 37-2732(a)(1)(A). In exchange for his guilty pleas, an additional charge that he was a persistent violator was dismissed. The district court followed the recommended plea agreement of the parties and sentenced Allan to concurrent unified terms of eight years, with

1

minimum periods of confinement of four years. Allan filed an I.C.R. 35 motion, which the district court denied.

Mindful that Allan received the sentence he asked for, Allan asserts that the district court erred in imposing an excessive sentence. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Allan received the sentence he requested, he may not complain that the district court abused its discretion. Accordingly, Allan's judgment of conviction and concurrent unified sentences of eight years, with minimum periods of confinement of four years, for trafficking in methamphetamine and possession of a controlled substance with intent to deliver is affirmed.