**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46115**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: January 11, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| CHARLES KENNETH FIRMAGE, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel Hoagland, District Judge.

Judgment of conviction and aggregate, unified sentence of thirty years, with a minimum period of confinement of twelve, for three counts of sexual exploitation of a child, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Elizabeth Ann Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Charles Kenneth Firmage pled guilty to three counts of sexual exploitation of a child. Idaho Code § 18-1501. The district court sentenced Firmage to an aggregate, unified sentence of thirty years with twelve years determinate. Firmage appeals asserting that the district court abused its discretion by imposing an excessive sentence.

Mindful that Firmage received the sentence he asked for, Firmage asserts that the district court erred by imposing an excessive sentence. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error.

1

*State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Firmage received the sentence he requested, he may not complain that the district court abused its discretion. Accordingly, Firmage's judgment of conviction and sentence is affirmed.