# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45930

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

KEVIN RANDALL WENZEL,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: January 22, 2019

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Judgment of conviction and suspended unified sentence of four years, with a minimum period of confinement of two years for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge;
and BRAILSFORD, Judge

_____

PER CURIAM

Kevin Randall Wenzel pled guilty to possession of a controlled substance. I.C. § 37-2732(c)(1). In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Wenzel to a unified term of four years, with a minimum period of confinement of two years. However, the district court retained jurisdiction and sent Wenzel to participate in the rider program. Following successful completion of his rider, the district court suspended

1

Wenzel's sentence and placed him on probation. Wenzel appeals, arguing that his underlying sentence is excessive.

Although Wenzel, through counsel, agreed with the State's recommendation at the time of sentencing Wenzel asserts that the district court erred in imposing an excessive sentence. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Wenzel received the sentence he agreed to, he may not complain that the district court abused its discretion. Accordingly, Wenzel's judgment of conviction and suspended unified sentence of four years, with a minimum period of confinement of two years, is affirmed.