# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46031

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 13, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JOE ANTHONY SANTIAGO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment of conviction and suspended unified sentence of seven years, with a minimum period of confinement of two years, for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Joe Anthony Santiago pled guilty to possession of a controlled substance. I.C. § 37-2732(c)(1)(F). In exchange for his guilty plea, an additional charge was dismissed. The parties entered into a plea agreement in which the parties agreed that the State would recommend probation with an underlying sentence of seven years, with a minimum period of confinement of three years. At sentencing, the State made the agreed-upon sentencing recommendation. Santiago concurred with the recommendation. The district court sentenced Santiago to a unified

term of seven years, with a minimum period of confinement of only two years; suspended the sentence; and placed Santiago on probation. Santiago appeals, without acknowledging his concurrence in the State's sentencing recommendation. Santiago argues his sentence, which is less than the recommendation, is excessive.

Although Santiago received a lesser sentence than he agreed to at the time of sentencing, he asserts that his underlying suspended sentence is excessive. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Santiago received a lesser sentence than he requested, he may not complain that the district court abused its discretion. Accordingly, Santiago's suspended unified sentence of seven years, with a minimum period of confinement of two years, for possession of a controlled substance is affirmed.