# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50272

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: December 26, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| LEVI JESSE BAUTISTA, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. James S. Cawthon, District Judge.

Judgment conviction and unified sentence of ten years, with a minimum period of confinement of three years, for grand theft, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Levi Jesse Bautista pled guilty to one count of grand theft, Idaho Code §§ 18-2403(1), 18-2407(1)(b), and 18-2409. In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified term of ten years with three years to run concurrently with any other sentences. Bautista appeals, contending that his sentence is excessive.

Although Bautista agreed with the State's recommendation at the time of sentencing, Bautista asserts that the district court erred by imposing an excessive sentence. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App.

1

1993).  One may not complain of errors one has consented to or acquiesced in.  *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998).  In short, invited errors are not reversible.  *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996).  This doctrine applies to sentencing decisions as well as rulings made during trial.  *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Bautista received the sentence he requested, he may not complain that the district court abused its discretion.  Accordingly, Bautista's judgment of conviction and sentence are affirmed.