# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51304

| | |
|---|---|
| STATE OF IDAHO, )<br>)<br>Plaintiff-Respondent, )<br>)<br>)<br>v. )<br>)<br>)<br>TRAVIS DARRELL GENTRY, )<br>)<br>)<br>Defendant-Appellant. )<br>) | Filed: August 21, 2024<br><br>Melanie Gagnepain, Clerk<br><br>THIS IS AN UNPUBLISHED<br>OPINION AND SHALL NOT<br>BE CITED AS AUTHORITY |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Rick Carnaroli, District Judge.

Judgment of conviction and unified sentence of three years, with a minimum period of incarceration of one year, for insurance fraud, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

---

PER CURIAM

Travis Darrell Gentry pled guilty to insurance fraud-present to insurer or person false or altered statement material to insurance, Idaho Code § 41-293(1)(c). Pursuant to a plea agreement, in exchange for his guilty plea, additional charges were dismissed. In addition, as part of the plea agreement, both parties recommended a sentence of three years, with a minimum period of incarceration of one year, and three years of probation. The district court followed the recommendation and imposed a unified sentence of three years, with a minimum period of incarceration of one year, suspended the sentence, and placed Gentry on a term of probation for

1

three years. Mindful that he received the sentence that he requested, Gentry appeals contending that his sentence is excessive.

Although Gentry received the sentence he asked for, he asserts that the district court abused its discretion by imposing an excessive sentence. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Gentry received the sentence he requested, he may not complain that the district court abused its discretion in sentencing. Accordingly, the judgment of conviction and sentence are affirmed.