**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51483**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: August 29, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DAVID SAMUEL BYRD, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick O'Neill, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of incarceration of two and one-half years, for felony domestic violence or battery, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

David Samuel Byrd pled guilty to felony domestic violence or battery, Idaho Code §§ 18-918(2), 18-903(a), and two counts of misdemeanor violation of a no contact order, I.C. § 18-920. As part of an agreement with the State, the State and Byrd made a joint sentencing recommendation of ten years, with two and one-half years determinate, for the felony. The district court followed the recommendations and imposed a unified sentence of ten years, with a minimum period of incarceration of two and one-half years. The district court granted credit for time served for the

two misdemeanor convictions.  Byrd appeals, mindful of the invited error doctrine, contending that his felony sentence is excessive.

Although Byrd received the sentence he asked for, he now asserts that the district court erred in imposing an excessive sentence.  The doctrine of invited error applies to estop a party from asserting an error when his own conduct induces the commission of the error.  *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993).  One may not complain of errors one has consented to or acquiesced in.  *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998).  In short, invited errors are not reversible.  *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996).  This doctrine applies to sentencing decisions as well as rulings made during trial.  *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Byrd received the sentence he requested, he may not complain that the district court abused its discretion.  Accordingly, Byrd's judgment of conviction and sentence is affirmed.