**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51648**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: October 15, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| PATRICK KARONGO KABERI, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael P. Tribe, District Judge.

Judgment of conviction and sentence of two years indeterminate for propelling bodily fluid or waste at law enforcement officer, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Patrick Karongo Kaberi pled guilty to propelling bodily fluid or waste at law enforcement officer, Idaho Code § 18-915B. In exchange for his guilty plea, additional charges were dismissed. The district court, following the recommendation of the State and Kaberi, imposed a term of two years indeterminate to run consecutive to the sentence in an unrelated case. Kaberi appeals, contending that his sentence is excessive.

The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced

1

in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Kaberi received the sentence he requested, he may not complain that the district court abused its discretion. Accordingly, Kaberi's judgment of conviction and sentence are affirmed.