**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51072**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: October 29, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| WADE WILLIAM DENNY, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Judgment of conviction and concurrent, determinate sentences of five years for delivery of a controlled substance and possession of a controlled substance, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

Wade William Denny was found guilty of delivery of a controlled substance, I.C. § 37-2732(a)(1)(A), and possession of a controlled substance, I.C. § 37-2732(e). The district court sentenced Denny to concurrent, determinate terms of five years. The district court ordered that his sentences be served consecutively and concurrently to other unrelated sentences. Denny filed an I.C.R. 35 motion for reduction of his sentences, which the district court denied. Denny appeals, arguing that his sentences are excessive.

1

Mindful that Denny received the sentences he asked for, he asserts that his sentences are excessive. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Because Denny received the sentences he requested, he may not complain that the district court abused its discretion. Therefore, Denny's judgment of conviction and sentences are affirmed.