**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51138**

|  |  |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 21, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| NATHANAEL PETER RESMAN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment of conviction and unified sentence of four and one-half years, with a minimum period of incarceration of one-half year, for felony battery against a correctional officer, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

Nathanael Peter Resman pled guilty to felony battery against a correctional officer, Idaho Code §§ 18-915, -903. Pursuant to a plea agreement, in exchange for his guilty plea, an additional charge was dismissed and the parties agreed to recommend a unified sentence of four and one-half years, with a minimum period of incarceration of one-half year. The district court imposed a unified sentence of four and one-half years, with a minimum period of incarceration of one-half

1

year.[1] Although Resman received the sentence he asked for, he appeals, contending that the district court erred by imposing an excessive sentence.

The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Resman received the sentence he requested, he may not complain that the district court abused its discretion. Accordingly, Resman's judgment of conviction and sentence are affirmed.

---

[1] The incorrect sentence error in the original judgment has since been corrected.