# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51344

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 18, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| NICHOLAS THOMAS WATKINS, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction and suspended, unified term of ten years, with a minimum period of confinement of three years, for felony domestic violence or battery in the presence of a child, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge
and TRIBE, Judge

---

PER CURIAM

Nicholas Thomas Watkins was found guilty of felony domestic violence or battery in the presence of a child. Idaho Code §§ 18-903(a), -918(2), -918(4). At sentencing, Watkins recommended the district court place him on probation and deferred to the court on the underlying sentence.[1] The district court sentenced Watkins to a unified term of ten years, with a minimum period of confinement of three years. The district court suspended the sentence and placed Watkins

---

[1] Both appellant and respondent refer to Watkins' sentence as an "underlying sentence." We will interpret the term "underlying" to mean "unified" as defined in Idaho Code § 19-2513.

1

on probation for a period of seven years. Watkins appeals, arguing that his underlying sentence is excessive.

Although Watkins received the sentence he asked for, he now asserts that the district court erred in imposing an excessive sentence, specifically his underlying sentence. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Watkins received the sentence he requested, he may not complain that the district court abused its discretion. Accordingly, Watkins' judgment of conviction and sentence are affirmed.