## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 51282

|  |  |
|---|---|
| STATE OF IDAHO,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>JOEL CRAIG LORANGER,<br><br>    Defendant-Appellant. | )<br>)  **Filed: March 24, 2025**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Judgment of conviction and suspended, unified sentence of ten years, with a minimum period of confinement of five years, for felony driving under the influence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

Joel Craig Loranger was found guilty of felony driving under the influence. Idaho Code §§ 18-8004, -8005(6). The district court sentenced Loranger to a unified term of ten years, with a minimum period of confinement of five years; however, the district court granted Loranger's request to suspend the sentence and placed Loranger on probation for a period of eight years. Loranger appeals, arguing that his sentence is excessive.

Although Loranger received the sentence he asked for, Loranger asserts that the district court erred in imposing an excessive sentence. The doctrine of invited error applies to estop a

1

party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Loranger received the sentence he requested, he may not complain that the district court abused its discretion. Accordingly, Loranger's judgment of conviction and sentence are affirmed.