# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52164

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

KYWAN MOLIQUE FLEORS,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: April 2, 2025

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of six months, for burglary, <u>affirmed</u>.

Attorneys of Idaho; Sarah Tompkins, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Pursuant to a plea agreement, Kywan Molique Fleors pled guilty to burglary. I.C. § 18-1401. In exchange for his guilty plea, an additional charge was dismissed. The parties agreed to a stipulated sentence. The district court followed the parties' recommendation, sentencing Fleors to a unified term of ten years, with a minimum period of confinement of six months. Fleors filed an I.C.R. 35 motion, which the district court denied. Fleors appeals.

Mindful that Fleors received the sentence he asked for, he asserts that his sentence is excessive. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or

1

acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Fleors received the sentence he requested, he may not complain that the district court abused its discretion. Therefore, Fleors's judgment of conviction and sentence are affirmed.