IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 52534

| STATE OF IDAHO, | ) | |
|---|---|---|
| | ) | Filed: August 13, 2025 |
| Plaintiff-Respondent, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| MICHAEL SHAINE WAGNER, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Matthew J. Roker, District Judge.

Order revoking and reinstating probation, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

_____

PER CURIAM

Michael Shaine Wagner pleaded guilty to felony driving under the influence (DUI), Idaho Code §§ 18-8004, -8005. The district court imposed a unified sentence of six years, with a minimum period of incarceration of two years, but after a period of retained jurisdiction, suspended the sentence and placed Wagner on probation. Subsequently, Wagner admitted to violating terms of the probation and the district court revoked and reinstated Wagner's probation for a continued term of five years. "Mindful" of the invited error doctrine, Wagner appeals, contending the district court abused its discretion by reinstating his probation for a term of five years.

Although Wagner agreed with the State's recommendation at the time of sentencing and received the sentence he asked for, Wagner asserts that the district court erred in reinstating his

1

probation for a term of five years. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Wagner received the sentence he requested, he may not complain that the district court abused its discretion. Accordingly, the district court's order revoking and reinstating Wagner's probation is affirmed.