**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52602**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: November 14, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| DUSTIN ROY PETERS, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Eric J. Wildman, District Judge.

Judgment of conviction and unified sentence of six years with a minimum period of confinement of three years for possession of a controlled substance, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

————————————————————

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

————————————————————

PER CURIAM

Dustin Roy Peters pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1). In exchange for his guilty plea, additional charges were dismissed. The district court imposed the sentence Peters requested, a suspended sentence of six years with three years determinate. Peters appeals, contending that his sentence is excessive.

Although Peters received the sentence he asked for, Peters asserts that the district court erred in imposing an excessive sentence. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors

1

one has consented to or acquiesced in.  *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998).  In short, invited errors are not reversible.  *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996).  This doctrine applies to sentencing decisions as well as rulings made during trial.  *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Peters received the sentence he requested, he may not complain that the district court abused its discretion.  Accordingly, Peters' judgment of conviction and sentence are affirmed.