# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52891

|  |  |
|---|---|
| STATE OF IDAHO, ) | |
| ) | Filed: December 16, 2025 |
| Plaintiff-Respondent, ) | |
| ) | Melanie Gagnepain, Clerk |
| v. ) | |
| ) | THIS IS AN UNPUBLISHED |
| TIMOTHY DEAN CLAYTON, ) | OPINION AND SHALL NOT |
| ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick J. Miller, District Judge.

Judgment of conviction and suspended, unified sentence of two years, with a minimum period of confinement of one year, for felony battery against a health care worker, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Abigael E. Schulz, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge
_____

PER CURIAM

Timothy Dean Clayton pled guilty to felony battery against a health care worker. I.C. §§ 18-915C and 18-903. The district court sentenced Clayton to a unified term of two years, with a minimum period of confinement of one year, but suspended the sentence and placed Clayton on probation. Clayton appeals, arguing that his sentence is excessive.[1]

---

[1]  Clayton also pled guilty to and was sentenced for misdemeanor sexual battery. However, he does not challenge this judgment of conviction and sentence on appeal.

1

Although Clayton received the sentence he asked for, he asserts that the district court erred in imposing an excessive sentence. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Clayton received the sentence he requested, he may not complain that the district court abused its discretion. Accordingly, Clayton's judgment of conviction and sentence is affirmed.