## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 53187

| | |
|---|---|
| STATE OF IDAHO,<br><br>       Plaintiff-Respondent,<br><br>v.<br><br>COLBY REID HEATON,<br><br>       Defendant-Appellant. | )<br>)  **Filed: May 5, 2026**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Michael J. Whyte, District Judge.

Judgment of conviction and aggregate sentence of ten years, with minimum periods of confinement of five years, for domestic violence with traumatic injury, possession of a controlled substance, and destruction of evidence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Abigael E. Schulz, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Colby Reid Heaton pled guilty to domestic violence with traumatic injury, I.C. § 18-918(2); possession of a controlled substance, I.C.§ 37-2732(c)(1); and destruction, alteration, or concealment of evidence, I.C.§ 18-2603. In exchange for his guilty pleas, additional charges were dismissed. Pursuant to the binding I.C.R. 11 plea agreement and the parties' sentencing recommendations, the district court sentenced Heaton to a unified term of ten years, with a minimum period of confinement of five years, for domestic battery with traumatic injury; a concurrent unified term of seven years, with a minimum period of confinement of five years, for

1

possession of a controlled substance; and a concurrent determinate term of five years for destruction, alteration, or concealment of evidence. Heaton appeals, arguing that his sentences are excessive.

"Mindful" that Heaton received the sentences he asked for, he asserts that the district court erred in imposing excessive sentences. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Heaton received the sentences he requested, he may not complain that the district court abused its discretion. Accordingly, Heaton's judgment of conviction and sentences are affirmed.