**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51982**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 27, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| HEIDI M. CANCHOLA, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Mark Monson, District Judge.

Judgment of conviction and suspended, unified sentence of four years, with a minimum period of confinement of two years, for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Stacey M. Donohue, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Heidi M. Canchola pled guilty to possession of a controlled substance. I.C. § 37-2732(c)(1). In exchange for her guilty plea, an additional charge was dismissed. Pursuant to the plea agreement, the parties recommended probation with a suspended unified sentence of four years, with a minimum period of confinement of two years. The district court sentenced Canchola to the requested unified term of four years, with a minimum period of confinement of two years. The district court suspended the sentence and placed Canchola on probation. Canchola appeals, arguing that her sentence is excessive.

1

Mindful that Canchola received the sentence she asked for, she asserts that the district court erred in imposing an excessive sentence. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Canchola received the sentence she requested, she may not complain that the district court abused its discretion. Accordingly, Canchola's judgment of conviction and sentence is affirmed.